**SMITH, Plaintiff-Appellee v. BRANE, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1826. Decided January 26, 1945.

Otterbein Creager, Dayton, for plaintiff-appellee.

Harshman & Young, Dayton, Wilbur E. Benoy, Columbus, for defendant-appellant.

NICHOLS, J., of the Seventh Appellate District, sitting in place of Barnes, P. J.

## OPINION

By NICHOLS, J.

We find no prejudicial error in any respect claimed by appellant.

It was for the jury to determine which of the parties, if either, failed to stop at the intersection of Main and Cedar Streets in compliance with the ordinance of the village of West Carrollton, the evidence upon that subject being highly in conflict. If the jury found that plaintiff stopped at the intersection in compliance with the ordinance and that defendant did not stop at the intersection, then defendant lost his preferential right of way, and it remained only for the jury to determine whether plaintiff, upon crossing the intersection after stopping before entering the same, proceeded in an ordinarily careful manner.

Had the jury found, as well it might under the conflicting evidence, that plaintiff failed to stop before entering the intersection and that defendant did stop before entering it, the jury would necessarily have found under the charge of the court that defendant had the right of way and could have proceeded uninterruptedly. It is quite apparent that the jury did not so find, and it is not the province of this court to usurp the function of the jury by making a finding in favor of either party upon these controverted questions, of fact, there being no interrogatories propounded and answered by the jury.

There was no error in the trial court charging upon the issue of contributory negligence, even though that issue was not specifically alleged in the pleadings of either party, since the issue clearly arose under the evidence. There was no error in the giving of the 4th, 5th, and 6th special charges at the request of the plaintiff nor in the general charge.

It is our conclusion that the verdict of the jury is not against the manifest weight of the evidence and that the judgment should be affirmed.

HORNBECK and GEIGER, JJ., concur.